UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

IN THE MATTER OF THE
RECIPROCAL DISCIPLINE OF ZENAS           No. 3:13-gp-18 (SRU)
ZELOTES AS AN ATTORNEY-AT-LAW

## ORDER

The Grievance Committee of the United States District for the District of Connecticut (hereinafter "Grievance Committee") has brought this presentment action to obtain reciprocal discipline against Attorney Zenas Zelotes for violations of the Rules of Professional Conduct (hereinafter "RPC"). I held a hearing on June 1, 2015, and took the matter under advisement. For the reasons stated below, I grant reciprocal discipline against Attorney Zenas Zelotes for a term of five months' suspension from practice before this Court. In the interests of justice and fairness, however, given the length period during which this matter has been under advisement, I set aside that order and substitute a sanction of public remand.

**I.      Background**

The Chief Disciplinary Counsel initiated a presentment action against Zelotes in the Superior Court of Connecticut, Judicial District of Stamford/Norwalk. *See Disciplinary Counsel v. Zelotes*, 2013 WL 3769820, at *1 (Conn. Super. Ct. June 28, 2013), *aff'd sub nom. Chief Disciplinary Counsel v. Zelotes*, 152 Conn. App. 380 (2014). The trial court found Zelotes violated rules 1.7(a)(2) and 8.4(4) of the RPC and ordered a suspension from the practice of law for five months. *Id.* at *6. The Connecticut Appellate Court affirmed the trial court's decision and upheld the length of suspension. *Disciplinary Counsel v. Zelotes*, 152 Conn. App. 380, 410 (2014).

Zelotes has expressly acknowledged the facts giving rise to this case. The Connecticut Appellate Court has adopted the trial court's factual findings, which were undisputed. The following facts are relevant to this discussion and come from the findings of the trial court as adopted by the Appellate Court.[1] Michael Aliano and his wife Terry Aliano were having marital problems. On March 19, 2010, they met Zelotes and his girlfriend at a jazz club in Norwalk, CT. The couples exchanged phone numbers and began seeing one another socially. Zelotes became friendly with both Alianos, and after socializing with the both of them for some time, Zelotes started seeing Terry alone, beginning in June 2010. Thereafter, Zelotes began an intimate relationship with Terry. On September 27, 2010, shortly after their intimate relationship began, Zelotes entered an appearance on behalf of Terry in the Aliano divorce. In December of 2010, Michael came home and saw Zelotes and Terry sitting in the kitchen sharing wine. Michael filed a motion in the divorce case to disqualify Zelotes from representing Terry, which was granted. After the disqualification, Zelotes and Terry ceased their intimate relationship. Zelotes was charged with violating Rule 1.7(a)(2). Zelotes' violation of Rule 1.7(a)(2) was based on the court's finding that "their intimacy and the love that the defendant professed for his client might have terminated or its level diminished, bringing into question the future level of competency, diligence and detachment of the defendant." *Zelotes*, 152 Conn. App. at 383. Zelotes was also charged with violating Rule 8.4(4), which prohibits conduct prejudicial to the administration of justice, by "encourag[ing] [Terry] to go forward with her divorce against Michael . . . and fil[ing] an appearance on her behalf in lieu of prior counsel." *Id*. at 384.

---

[1] The same recitation of facts is available in *Zelotes*, 152 Conn. App. at 381-83.

**II.     Standard of Review**

Local Rule 83.2(f)(2) governs when reciprocal discipline should be imposed in federal court. *See In re Williams,* 978 F. Supp. 2d 123, 123-24 (D. Conn. 2012). Under Local Rule 83.2(f)(2), when the Grievance Committee petitions for the imposition of reciprocal discipline via a presentment action, the identical discipline must be imposed unless it clearly appears on the face of the record in the prior disciplinary proceeding:

a. That the procedure was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process; or
b. That there was such an infirmity of proof establishing the misconduct as to give rise to the clear conviction that the Court could not, consistent with its duty, accept as final the discipline imposed; or
c. That the imposition of the same discipline by the Court would result in grave injustice;
d. Or that the misconduct established is deemed by the Court to warrant substantially different discipline.

D. Conn. L. Civ. R. 83.2(f)(2). If the court finds that one or more of these exceptions exists, it may enter "such other order as it deems appropriate." *Id.* "The standard of review in this proceeding is highly deferential to the state court's determination." *In re Williams*, 978 F. Supp. 2d at 125 (citing *Theard v. United States*, 354 U.S. 278, 282 (1957); *see also In re Roman*, 601 F. 3d 189, 192-94 (2d Cir. 2010); *In re Edelstein*, 214 F.3d 127, 132 (2d Cir. 2000)). The burden falls on Zelotes to demonstrate by clear and convincing evidence that reciprocal discipline should not be imposed. *In re Roman*, 601 F.3d at 194 (citing *In re Friedman*, 51 F.3d 20, 22 (2d Cir. 1995)). When the presentment is contested, as it has been here, the court should not act as a rubber stamp in the name of reciprocity. *In re Williams*, 978 F. Supp. 2d at 125. Instead it must determine whether the record of the prior proceeding discloses a substantial defect covered by one of the exceptions to reciprocal discipline. *Id.*

**III.    Discussion**

   A.  Reciprocal Discipline

At the outset, it is not necessary to address whether Zelotes' conduct violated RPC 1.7(a)(2) and 8.4(4) because those issues were decided by the Superior Court and affirmed by the Appellate Court. The common-law doctrine of issue preclusion (also known as collateral estoppel) bars re-litigation of an issue of ultimate fact that was determined by a final and valid judgment. *Cumberland Farms, Inc. v. Town of Groton*, 262 Conn. 45, 58 (2002).

It is also not necessary to address the two exceptions under Local Rule 83.2(f)(2)(a)-(b) because, at the grievance hearing, Zelotes made it clear that he does not claim either one as a basis for the imposition of a different sanction. Zelotes only raises Rule 83.2(f)(2)(c)-(d) as bases for the imposition of a different sanction, therefore only those two subsections will be addressed.

The exception under Local Rule 83.2(f)(2)(c) allows for the imposition of a different sentence if imposition of the same sentence by the court would result in a grave injustice. D. Conn. L. Civ. R. 83.2(f)(2)(c). Zelotes was suspended by the Connecticut Superior Court for five months. *Zelotes*, 152 Conn. App. at 410 (affirming five-month suspension). There is a rebuttable presumption implicit in the mandate that reciprocal discipline imposed by this court will be identical. *See In re Roman*, 601 F.3d at 192-93. Zelotes argues that imposition of reciprocal discipline would result in a grave injustice because the trial court applied the wrong legal standard, misapplied the correct legal standard, violated Zelotes' federal rights, and punished conduct beyond the scope of the bar regulation which would overcome the presumption. Def.'s Reply at 11. The Appellate Court already reviewed and affirmed the application of the legal standard by the trial court and I afford great deference to those courts. *See Williams*, 978 F. Supp. 2d at 125. Zelotes did not allege that his federal rights were violated. Although he argued he received an excessive punishment, the trial court lowered a five-year suspension

4

recommendation down to five months. That could hardly be considered beyond the scope of the bar regulation.[2]

Zelotes also contends that the Superior Court and Appellate Court did not consider his "good faith belief" that his actions were permissible. Whether Zelotes can raise a good faith exception has already been considered and rejected in both the Superior Court and Appellate Court. I explained to Zelotes that it is not the district court's job to review the state court decisions; that is for the Connecticut Supreme Court or the United States Supreme Court. Zelotes' final argument fails because it is barred by collateral estoppel. *See Cumberland Farms*, 262 Conn. at 58. Alternatively, Zelotes has not shown that he would be subject to a grave injustice of the type sufficient to satisfy Rule 83(f)(2)(c). A grave injustice would exist, for example, if an attorney were barred from practicing law for a certain amount of time and, as a result, had no choice but to live on the streets due to financial hardship. Zelotes has failed to show, through clear and convincing evidence, a grave injustice that would occur to him that is sufficient to negate the imposition of reciprocal discipline.

Local Rule 83.2(f)(2)(d) allows for an exception to reciprocal discipline if the misconduct established warrants substantially different discipline. Conn. L. Civ. R. 83.2(f)(2)(d). The Second Circuit views the "substantially different discipline" exception, codified in Local Rule 83.2(f)(2)(d), as "subsumed by the 'grave reason' category . . . ." *In re Roman*, 601 F.3d at 193-94. Zelotes' misconduct does not warrant substantially different discipline for the same reasons that an order of reciprocal discipline will not result in a grave injustice.

Accordingly, an order imposing reciprocal discipline is warranted in this case.

---

[2] The trial court considered the aggravating and mitigating factors of the ABA Standards for Imposing Lawyer Sanctions and the Appellate Court held the trial court was within its discretion in reaching its decision. Again, this court will not disturb those decisions. *See Williams*, 978 F. Supp. 2d at 125.

B.  Imposition of Reciprocal Discipline

The Local Rules provide that, "[u]pon good cause shown, the Court may set aside such order [of reciprocal discipline] when it is in the interest of justice to do so . . . ." D. Conn. L. Civ. R. 83.2(f)(3). At the time of the June 2015 hearing, Zelotes did not make a good-cause showing why the court should set aside any order of reciprocal discipline imposed. Nonetheless, the passage of time before and after that hearing without a decision by this court has created good cause to set aside the order of reciprocal discipline.

The hearing of this matter occurred over four years after the conduct at issue and almost two years after the imposition of discipline by the Superior Court.  For the past eighteen months, Zelotes has been practicing law knowing that the possibility of reciprocal discipline was looming over his head. To impose reciprocal discipline so long after the hearing on the matter, over six years after the conduct at issue, and over three years after he was initially disciplined in state court, would be contrary to the interest of justice. *Cf. Theard*, 354 U.S. at 282-83 (holding that the district court is not duty-bound to impose reciprocal discipline in all circumstances, especially when a long period of time has elapsed between the state-imposed discipline and the proposed reciprocal discipline in federal court). Furthermore, the lack of a nexus between Zelotes' reprehensible conduct in a state court proceeding and his federal practice, which is almost exclusively in bankruptcy court, diminishes the need for an order of reciprocal discipline.

The pendency of this action, alone, is a form of punishment. Furthermore, the public reprimand associated with the publication of this opinion "should be sufficient to deter the type of conduct at issue." *Shetiwy v. Midland Credit Mgmt.*, 2014 WL 3739512, at *5 (S.D.N.Y. July 29, 2014); *see also In re Einhorn*, 428 F. App'x 26, 27 (2d Cir. 2011). Because Zelotes has already been sufficiently disciplined for his conduct, I set aside the order of reciprocal discipline that I have just imposed. Although Zelotes' conduct violated ethical rules and properly led to his

suspension from practice in the state courts, at this late date it would be inappropriate to do more than publicly reprimand Zelotes for those violations.

**IV.     Conclusion**

For the foregoing reasons, reciprocal discipline against Zelotes is imposed for a length of five months. However, because I have found the imposition of reciprocal discipline in the current circumstances to be contrary to the interest of justice, I set aside my order and publicly reprimand Zelotes for his unethical conduct.

So ordered.

Dated at Bridgeport, Connecticut, this 23rd day of January 2017.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge